This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Bryan J. Brooks has appealed from two judgments of the Elyria Municipal Court: one that overruled his motion to dismiss; and one that found him guilty of driving while under the influence, a violation of Section 4511.19(A) of the Ohio Revised Code, and sentenced him. This Court affirms.
 I.
On August 12, 1997, defendant was stopped by an Ohio State Highway Patrol officer for crossing marked lanes of travel, a violation of Section 4511.33 of the Ohio Revised Code. During the stop, the officer directed defendant to perform field sobriety tests. After failing the sobriety tests, defendant was placed under arrest for driving under the influence, a violation of Section 4511.19(A) of the Ohio Revised Code.
At the police station, defendant submitted to a blood alcohol content (BAC) test, which result was 0.174% BAC. He was placed under an administrative license suspension for a period of ninety days and a two hundred and fifty-dollar reinstatement fee was imposed under the former Section 4511.191(L)(2) of the Ohio Revised Code. Following the suspension, defendant paid the reinstatement fee to the bureau of motor vehicles and was informed that his driving privileges were restored.
On December 3, 1997, defendant filed a motion to dismiss the charges pending against him based on the proposition that the payment of the reinstatement fee was punishment and that any further sentence would violate his right against double jeopardy. On December 9, 1997, the trial court overruled his motion to dismiss. On February 2, 1998, defendant withdrew his guilty plea and entered a plea of no contest.
The trial court found defendant guilty and sentenced him to thirty days in jail, three hundred and fifty dollars in fines, forty-six dollars in court costs, and a one hundred and eighty-day license suspension. Defendant timely appealed and has asserted one assignment of error.
 II. The trial court erred in finding the defendant guilty of driving under the influence and then imposing a fine, court costs, a three (3) day jail sentence, and a suspension of [defendant's] driver's license after the appellant had previously paid his reinstatement fee on the administrative license suspension in violation of the Double Jeopardy Clause of the United States and Ohio Constitution.
In his sole assignment of error, defendant has argued that, because the reinstatement fee constituted punishment, the subsequent criminal prosecution violated his right against double jeopardy. This Court disagrees.
The Ohio Supreme Court has recently ruled on the issue of whether the reinstatement fee, pursuant to former Section 4111.191(L)(2) is "punishment," thereby subjecting the defendant to double jeopardy. State v. Uskert (1999), 85 Ohio St.3d 593. The Court held that "[t]he reinstatement fee of former R.C.4511.191(L)(2) does not violate the Double Jeopardy Clause of theFifth Amendment to the United States Constitution or Section 10, Article I of the Ohio Constitution." Id. at syllabus. Accordingly, defendant's assignment of error is without merit.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Elyria Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR